**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

**Dated: December 22 2009**

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | Case No. 09-38086 |
| | ) | |
| Larry J. Shaull | ) | Chapter 13 |
| Pamela G. Shaull | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |
| Debtor(s) | ) | |

## ORDER DENYING MOTION TO AVOID LIEN

Debtors filed a motion to avoid a junior mortgage lien on their real property held by First Financial Bank ("First Financial") based on the authority of *In re Lane*, 280 F.3d 663 (6th Cir. 2002). First Financial opposes the motion on both procedural and substantive grounds. The basis for the procedural objection is that the motion was not served in accordance with the Federal Rules of Bankruptcy Procedure.[1] First Financial has the burden to establish a *prima facie* error in service. *See In re Villar*, 317 B.R. 88, 94 (B.A.P. 9th Cir. 2004). The court finds that it has satisfied its burden.

---

[1] First Financial also argues that the defect in service constitutes a violation of First Financial's due process rights. The court makes no findings in that regard and the motion is not being denied on the basis that First Financial's right to due process is being violated, only on the basis that service did not comply with the applicable rules of procedure.

Debtors' motion initiates a contested matter under Rule 9014. *See* Fed. R. Bankr. P. 3012; *In re Olson,* Case. No. 05-40733, 2005 Bankr. LEXIS 3012 (Bankr. D. Idaho Nov. 9, 2005). *Cf.* Fed. R. Bankr. P. 4003(d); *In re Villar*, 317 B.R. at 92, n.6. A motion initiating a contested matter is required to be served in the manner provided by Rule 7004 for service of a summons and complaint. Fed. R. Bankr. P. 9014(b). First Financial asserts that it is a federally insured depository institution. Taking judicial notice of the contents of the Federal Deposit Insurance Corporation's website, http://www2.fdic.gov/idaspmain_bankfind.asp (December 22, 2009); *see Miller v. Homecomings Fin. Network, Inc. (In re McMahon)*, Case No. 08-39129 (HCD), 2008 Bankr. LEXIS 3635, *7-*8 (Bankr. N.D. Ind., Nov. 18, 2005), under Rule 201(b) of the Federal Rules of Evidence, *see* Fed. R. Bankr. P. 9017, the court finds that First Financial is an insured depository institution as defined in section 3 of the Federal Deposit Insurance Act. Therefore, Debtor's motion must be served on First Financial in accordance with Rule 7004(h) of the Federal Rules of Bankruptcy Procedure governing "Service of Process on an Insured Depository Institution." *Hamlett v. Amsouth Bank (In re Hamlett)*, 322 F.3d 342, 346-47 (4th Cir. 2003).

The certificate of service appended to Debtors' motion shows that it was sent by first class mail to a First Financial branch location in Van Wert, Ohio. This manner of service does not comport with any of the service alternatives available under Rule 7004(h). While this is an easily correctable procedural matter with respect to the instant motion, particularly now that its attorney has since entered an appearance herein by filing on behalf of First Financial an objection to confirmation of Debtors plan' [Doc. # 17] and the opposition to the instant motion [Doc. # 22], *see* Fed. R.. Bankr. P. 9010(b) and Fed. R. Bankr. P. 7004(h)(2), it is one that cannot be overlooked.

Debtors' motion to avoid lien will therefore be denied, without prejudice to filing and serving another motion seeking the same relief.

For good cause shown,

**IT IS ORDERED** that Debtors' Application to Avoid Junior Mortgage Lien of First Financial Bank on Real Property and to Treat Claim as Unsecured [Doc. # 13] is **DENIED,** without prejudice to the filing and service of another motion requesting the same relief.

2